Tagged Opinion



**ORDERED in the Southern District of Florida on September 30, 2009.**

John K. Olson, Judge
United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:

**Michael J. Holmes**
a/k/a 101 photoservices.com,

    Debtor.
_____/

Case No. 09-16564-JKO

Chapter 7

**ORDER DENYING IN PART**
**TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS [DE 25]**

This matter came before me on July 30, 2009 upon the Chapter 7 Trustee's Objection to Debtor's Claimed Exemptions and Request for Turnover of Non-Exempt Assets [DE 25] filed June 15, 2009. The Trustee disputes the Debtor's claimed exemptions in monies that his employer designated as "gratuities" in his paychecks.

**Background**

Debtor Michael J. Holmes filed a Chapter 7 Voluntary Petition on April 9, 2009 [DE 1]. He is a bartender who "moonlights" as an event photographer, and his employer automatically adds a "service charge" to all orders. *See* [DE 28, at ¶¶ 4, 16]. This service charge is then passed along to Mr. Holmes in his paychecks under a line item labeled "gratuities" *See* [DE 18]; [DE 28, at ¶ 4].

Mr. Holmes claimed $3,566.03 in his Wachovia account ending in 4758 as exempt "wages" under Florida law. *See* [DE 28, at ¶ 5]. The Chapter 7 Trustee objects to the claimed exemption pursuant to Florida Statute § 222.11 [DE 25, at ¶ 2].

At the July 30, 2009 hearing on the Trustee's objection, both sides stated that they had reached agreements which substantially narrowed the issues before the Court. Subsequently, an Order Granting In Part Trustee's Objection to Claimed Exemptions [DE 29] was entered leaving two issues for review under this Order:

1. What portion of the $3,455.59[1] in the disputed account are allocable to "earnings", as that term is defined under Florida Statute § 222.11?

2. Are tips and gratuities considered "earnings" within the meaning of Florida Statute §222.11 when they are:

    a. collected directly by the Debtor's employer from customers as a "service charge" upon all of the Debtor's sales;
    b. the service charges are then remitted to the Debtor in his paycheck; and
    c. the money is reported as income to the Debtor under a line item labeled "gratuities?

---

[1] Despite claiming $3,566.03 as exempt wages, Debtor stated that his Wachovia account ending in 4758 only contained $3,455.59 on the petition date. *See* [DE 28, at ¶ 13]. At the July 30, 2009 hearing, the Trustee's counsel stipulated that $3,455.59 is the correct amount in dispute. *See* [DE 29, at ¶ 2].

The relevant portions of Florida Statute § 222.11 "Exemption of wages from garnishment" are:

> (1) As used in this section, the term: **(a) "Earnings" includes compensation paid or payable, in money of a sum certain, for personal services or labor whether denominated as wages, salary, commission, or bonus . . .** (3) Earnings that are exempt under subsection (2) and are credited or deposited in any financial institution are exempt from attachment or garnishment for 6 months after the earnings are received by the financial institution **if the funds can be traced and properly identified as earnings**…

FLA. STAT. ANN. § 222.11 (West 2009) (emphasis added). Generally, under Florida law, exemptions are liberally construed and broadly interpreted in favor of the claimed exemption. *In re Stevenson*, 374 B.R. 891, 894 (Bankr. M.D. Fla. 2007) (citing *Tramel v. Stewart*, 697 So. 2d 821 (Fla. 1997) and *Graham v. Azar*, 204 So. 2d 193 (Fla. 1967)). The party objecting to the exemption has the burden to prove (by preponderance of the evidence) that a debtor is not entitled to the claimed exemption. Fed. R. Bankr. P. 4003(c); *In re Wilbur*, 206 B.R. 1002, 1006 (Bankr. M.D. Fla. 1997). If the objecting party establishes prima facie evidence that the debtor's claimed exemptions should be denied, then the burden shifts to debtor to establish that the exemptions are legally valid. *Wilbur*, 206 B.R. at 1006.

Here, the Trustee failed to specifically establish what amount of funds within Wachovia account 4758 are not exempt. The Trustee and the Debtor merely stipulated that the account in dispute contained $3,455.59 on the petition date. *See* [DE 29, at ¶ 2]. Therefore, whether the total amount of $3,455.59 in the account is exempt pursuant to Florida Statute § 222.11 is analyzed below.

**Discussion**

When determining whether commissions are considered exempt earnings under Florida Statute § 222.11, courts have often looked to whether the Debtor seeking the exemption received those commissions as an employee or independent contractor. *In re Schlein,* 8 F.3d 745, 756 (11th Cir. 1993) (only an employee can earn money for personal labor or services which qualify as "earnings" under FLA. STAT. § 222.11 ); *In re Lee*, 190 B.R. 953, 955 (Bankr. M.D. Fla. 1995) (commissions earned by an independent contractor are not exempt under FLA. STAT. § 222.11). In order for compensation to be exempt under the statute, a debtor must receive regular compensation dictated by the terms of an arm's length employment agreement to perform services that are much like a job. *In re Zamora*, 187 B.R. 783, 784-85 (Bankr. M.D. Fla. 1995).

This requirement for an arm's length employment agreement was articulated in *In re Pettit*, 224 B.R. 834, 839-840 (Bankr. M.D. Fla. 1998). There, a debtor filed a voluntary Chapter 7 petition and claimed monthly commissions of $12,500, which were regularly deposited into the debtor's bank account as exempt property pursuant to Florida Statute § 222.11. *Pettit*, 224 B.R. at 836. Subsequently, a secured judgment creditor filed an objection to the debtor's exemptions. *Id*. The *Pettit* court held that the debtor's monthly commissions were exempt under § 222.11 because the commissions arose (i) from an arm's length, verbal employment agreement and (ii) can be traced and properly identified as Pettit's earnings. *Pettit*, 224 B.R. at 839-40. In the case before me, the Trustee has never asserted that Debtor is an independent contractor or that the Debtor worked outside of an arm's length employment agreement. The Debtor has established that his gratuities earned as a bartender were paid in regular bi-weekly paychecks. *See* [DE 18]. The Trustee has not argued that the Debtor's gratuities could not be properly traced and identified as earnings.

The Trustee has failed to establish prima facie evidence that the Debtor's claimed exemptions should be denied. The Debtor's gratuities are considered earnings and thus exempt under Florida Statute § 222.11 because they were earned as (i) compensation paid, in money of a sum certain, for personal labor under an arm's length employment agreement and (ii) can be properly traced and identified as earnings.

It is therefore **ORDERED** that the Trustee's Objection to Debtor's Claimed Exemptions is **DENIED**.

###

Copies Furnished To:

Michael J. Holmes (via First Class U.S. Mail)
Karen B. Holmes
1918 Andromeda Lane
Weston, FL 33327

Kevin C. Gleason, Esq. (via CM/ECF)
4121 N. 31 Avenue
Hollywood, FL 33021

Sonya L. Salkin, Trustee (via CM/ECF)
1776 N. Pine Island Rd #102
Plantation, FL 33322

Office of the U.S. Trustee (via CM/ECF)
51 SW First Avenue #1204
Miami, FL 33130

The Clerk of Court is requested to provide copies of this Order to interested parties not properly listed above.